1. Where findings of insolvency court, in proceedings by railway to appropriate property, are in favor of defendant on preliminary jurisdictional question, motion for new trial does not lie.

2. In reviewing action of Common Pleas, court speaks from record and judgment and not from expressions from bench or elsewhere.

3. Under 11046 GC., all questions must be decided in favor of corporation before it can proceed with appropriation.

4. Duty of Common Pleas, after reversal of judgment of Insolvency Court, to retain case de novo, and railroad company has privilege of dismissing.

5. Immaterial whether case is dismissed by railway with or without prejudice.

6. Proceedings in error cannot be based on anticipation by plaintiff in error that judgment of court would be in its favor. Snyder et v. N. Y. C. & St. L. Ry. Co. et, OA. 5 Abs. 795.

### 949. PRESUMPTION.

See 1012. Reformation of Instruments. Lyon v. Balthis et, OA. 5 Abs. 796.

### 1012. REFORMATION OF INSTRUMENTS.

1. Party desiring to reform description in deed which is clear and unambiguous on its face has burden of showing mistake.

2. Where deed is duly signed, witnessed and acknowledged by vendor, presumption is that contents were known to vendor, but is rebuttable.

3. If conveyance represents gift, donor is entitled to reformation on account of his own mistake, regardless of whether mistake was shared by donee.

4. Where conveyance is not based on valuable or meritorious consideration, relief will not be given against donor while living, or against his heirs of devisees, because of failure of deed to express his probable intention. Lyon v. Balthis, OA. 5 Abs. 796.

### 1017a. REMAND.

See 681. Jurisdiction. Roberts et v. Montgomery et, OS. 5 Abs. 798.

### 7041. REVERSALS.

Where there is more than one issue and jury returns general verdict with special findings, and finding, on any one of issues, for successful party, entitles him to general verdict, and record discloses no error as to one issue, judgment will not be reversed for error as to other issues. Remix v. Sissler, OA. 5 Abs. 796.

### 1065. SCHOOLS.

1. Under 7764-1 GC. boardsh of education may elect to provide transportation of children to a high school or provide board and lodging near thereto.

2. Duty of parents or children to advise such boards, of their readiness for high school work and of residence beyond four miles from a high school.

3. In action against the board, to recover for transportation, not error for court to refuse to charge jury that before they can find a verdict for plaintiff they must find from a preponderance of the evidence, the number of days he transported his child to a high school, Swan Twp. Bd. Ed. v. Cox, OS. 5 Abs. 798.

### 1105. STATUTE OF FRAUDS.

See 853. Novation. Schellentrager v. McCormack, OA. 5 Abs. 793.

### 1255. WARRANTY.

Party relying upon express warranty, by way of defense and counterclaim, must show that conditions therein contained were fully complied with. Daugherty v. Trump Bros. Rubber Co., OA. 5 Abs. 791.

### 1271. WILLS.

See 362a. Decedent's Estates. Medina Co. Nat. Bk. et v. Foreman, Admx. et, OA. 5 Abs. 787.

### 1273. WITNESSES.

See 615. Husband and Wife. Reczka v. State, OA. 5 Abs. 788.

### 1277. WORDS AND PHRASES.

See 629. Indictment. Nadel v. State, OA. 5 Abs. 790.

---

## No. 875

## KROGER GROCERY & BAKING CO. v. VINSON, etc.

Ohio Appeals, 1st Dist., Hamilton Co.

No. 3054. Decided June 20, 1927.

**First Publication of this Opinion.**

Syllabus by Editorial Staff.

95. ARGUMENT—May be made on evidence and reasonable deductions to be drawn therefrom. Counsel may not state what witness, who was not called, would or would not say under oath.

Error to Trial Court.
Judgment affirmed.

Clore, Schwab & McCaslin, Cincinnati, for Kroger Grocery Co.

John C. Rogers, Cincinnati, for Vinson.

### FULL TEXT.

CUSHING, J.

Numerous errors were assigned in the motion for a new trial, but only two were argued in the brief of counsel for plaintiff in error. One was, the weight of the evidence; and the other, that the Court erred in limiting argument of counsel for plaintiff in error.

The evidence was in dispute. The verdict is supported by sufficient evidence, and will not be disturbed.

The Court did limit counsel in his comments on the failure of the defendant in error to call Dr. Gillespie, as a witness. The rule is, that argument may be made on the evidence and reasonable deductions to be drawn therefrom.

Counsel undertook to state what Dr. Gillespie would or would not say under oath. The line of argument suggested by the brief of counsel for plaintiff in error was not proper, and the Court did not err in its ruling that "this case is to be tried upon the testimony that was given here, and not upon an inference of what he would or would not have said."

The judgment of the Court below will be affirmed.

(Hamilton, PJ., concurs. Buchwalter, J., not participating.)